IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONSTANCE RENEE PREWITT, <br><br> Plaintiff, <br><br> v. <br><br> OAKLEY TRANSPORT, INC., <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Constance Renee Prewitt (hereinafter "Plaintiff" or "Ms. Prewitt"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

1

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination against Oakley Transport, Inc. March 19, 2021. The EEOC issued its Notice of Right to Sue on March 19, 2021.

3.

On May 11, 2021, Defendant Oakley Transport, Inc., ("Defendant") submitted its position statement to the EEOC.

4.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

5.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

6.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

7.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

8.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

Plaintiff, at all times revenant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

10.

Plaintiff is a person with a disability inasmuch as she has an impairment causing substantial limitations in one or more major life activities, she has a record of disability, and because Defendant regarded her as having an impairment.

11.

During all times relevant hereto, Defendant Oakley Transport, Inc., has employed fifty or more employees, within a 75-mile radius of Plaintiff's

employment, for the requisite requirements under the ADA and the FMLA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5) and 29 U.S.C. § 2601 *et seq.*

12.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

13.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

14.

Defendant may be served by delivering a copy of the summons and complaint upon the registered agent National Registered Agents, Inc., located at 289 S. Culver Street, Lawrenceville, GA 30046.

15.

Defendant is now and, at all times relevant hereto, has been a for-profit corporation.

## FACTUAL ALLEGATIONS

16.

Ms. Prewitt began working for Defendant in February 2018, as a Driver Manager.

17.

Ms. Prewitt suffers from acute-on-chronic respiratory and cardiac condition.

18.

Defendant was aware of Ms. Prewitt's serious health condition and disability.

19.

In August 2020 Plaintiff provided medical documentation to Defendant from her physician indicating that her acute-on-chronic respiratory and cardiac condition was exacerbated by prolonged walking, standing, climbing the stairs, etc.

20.

As a result of Plaintiff's condition, Plaintiff requested an accomodation that she work from home.

21.

Plaintiff advised Defendant that this accommodation would assist in managing Plaintiff's disability.

22.

Defendant refused to give Plaintiff an accomodation even though Plaintiff was able to perform her job duties remotley.

23.

Defendant refused to give Plaintiff an accomodation but allowed other employees to work remotely.

24.

Plaintiff then requested a reasonable accomodation to move to another position that would accommodate the Plaintiff's work restrictions due to Plaintiff's disability.

25.

Defendant denied Plaintiff's request again.

26.

On or around October, 2020, Plaintiff applied for and was granted FMLA leave because Plaintiff's acute-on-chronic repiratory and cardiac condition worsend.

27.

In December of 2020 prior to Plaintiff's FMLA leave being exhausted, Plaintiff contacted her HR Department and advised that her physician did not release her to return to work.

28.

Plaintiff's FMLA leave was set to expire on or about Januar 4, 2021.

29.

Plaintiff again requested an accomodation to work from home and reiterated that she could perform her job duties remotely.

30.

Defendant again refused to give Plaintiff an accomodation.

31.

On or about January 5, 2021, Defendant terminated the Plaintiff one day after Plaintiff's leave expired.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

33.

Defendant failed to engage in any interactive process with Plaintiff regarding her request for a reasonable accommodation before terminating her employment and terminated Plaintiff's employment during a time in which Plaintiff had been granted FMLA leave.

34.

Plaintiff had been completing the essential duties of her position for the previous two years and could have continued to do so with a reasonable accommodation.

35.

Others outside the Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I – TITLE VII ADA DISABILITY DISCRIMINATION

36.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37.

Plaintiff had a disabling disease where she suffered from pulmonary and vascular problems.

38.

Defendant was aware of Plaintiff's disabling disease.

39.

Defendant received notice from Plaintiff's physician regarding her disease and work restrictions.

40.

Defendant terminated Plaintiff's employment, in whole or in part, because of her disabling disease.

41.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her underlying health conditions.

43.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## **COUNT II – RETALIATION**

44.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

45.

Plaintiff had a disabling disease where she suffered from pulmonary and vascular problems.

46.

Defendant was aware of Plaintiff's disabling disease.

47.

Defendant received notice of Plaintiff's condition and work restrictions from her physician in August of 2020.

48.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

49.

Plaintiff disclosed sensitive details relating to her condition and was terminated.

50.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her underlying health condition.

51.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

53.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT III – INTERFERENCE WITH EXERCISE OF FMLA RIGHTS

54.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

55.

Defendant is an 'employer' as defined by the FMLA.

56.

Plaintiff was an eligible employee under the FMLA.

57.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

58.

Plaintiff was employed by Defendant for more than 12 months.

59.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

60.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

61.

Plaintiff had a serious medical condition as defined by the FMLA.

62.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

63.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

64.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

65.

Plaintiff is also entitled to liquidated damages for Defendant's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions to prevent Plaintiff from taking her awarded leave were willful violations of the FMLA.

## COUNT IV – RETALIATION FOR EXERCISE OF FMLA RIGHTS

66.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

67.

Defendant is an 'employer' as defined by the FMLA.

68.

Plaintiff was an eligible employee under the FMLA.

69.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

70.

Plaintiff was employed by Defendant for more than 12 months.

71.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

72.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

73.

Plaintiff had a serious medical condition as defined by the FMLA.

74.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

75.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

76.

Defendant's actions in retaliation against Plaintiff for refusing her FMLA were committed with reckless disregard for Plaintiff's right to be free discriminatory treatment under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

77.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her under the FMLA.

78.

As a result, Ms. Prewitt entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

79.

Ms. Prewitt is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff judgment as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b) General damages for mental and emotional suffering caused by Defendant's misconduct;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(e) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law; and

(h) All other relief to which she may be entitled.

Respectfully submitted the 14th day of June, 2022.

                                              **THE LEACH FIRM, P.A.**

                                              */s/Adeash Lakraj*_____
                                                Adeash A.J. Lakraj
                                                GA Bar No. 444848
                                                631 S. Orlando Ave, Suite 300
                                                Wells Fargo Building
                                                Winter Park, FL 32789
                                                Telephone: 770.728.8478
                                                Facsimile: 833.423.5864
                                                Email: alakraj@theleachfirm.com